United States District Court
Southern District of Texas
**ENTERED**
October 07, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JOSE DE JESUS CANO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | MISC. ACTION NO. 7:14-MC-456 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION

Petitioner Jose De Jesus Cano, a state prisoner proceeding pro se, initiated this miscellaneous action seeking to file a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1.) Petitioner claims that his constitutional rights were violated when the Texas Board of Pardons and Paroles denied his release to mandatory supervision. However, Petitioner did not pay the required $5 filing fee to proceed with this action. Although Petitioner filed an application to proceed in forma pauperis, he failed to include a certified copy of his inmate trust fund account statement. (Docket No. 2.) Petitioner also failed to comply with a court order to either pay the filing fee or submit a properly supported application to proceed in forma pauperis. (Docket No. 5.) After failing to respond to the order, Petitioner has taken no further action in this case.

As discussed below, Petitioner has failed to prosecute this action, including failing to respond to a court order. The undersigned recommends that this action be dismissed for failure to prosecute.

## I. BACKGROUND

Petitioner's application to proceed in forma pauperis was deficient because he did not include a certified copy of his inmate trust fund account statement. (Docket No. 2.) Beyond that, the information he did provide failed to show he was unable to pay the minimal filing fee. Specifically, Petitioner stated that he currently had $120 and that he had received gifts totaling about $200. (*Id.*) The undersigned entered an order alerting Petitioner that his IFP application was deficient. Petitioner was directed to either pay the $5 filing fee or file a properly supported application within thirty (30) days. (Docket No. 5.) Petitioner failed to respond to the order, and he has taken no further action in this case.

## II. ANALYSIS

Petitioner's action is subject to dismissal for failure to prosecute. Rule 41(b) provides that an action may be involuntarily dismissed where a party "fails to prosecute or to comply with these rules or a court order." FED. R. CIV. P. 41(b). Such a dismissal may be made upon motion by the opposing party or on the court's own motion. *See McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). While a court should be "appropriately lenient" with a party who is proceeding pro se, the "'right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.'" *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).

Federal law requires the Clerk to collect a $5 filing fee for a person seeking to file a § 2254 petition for writ of habeas corpus in federal court. 28 U.S.C. § 1914(a). A person may be permitted to proceed in forma pauperis (without paying the filing fee) by submitting an affidavit disclosing all of his assets to show that he is unable to pay the filing fee. *See* 28 U.S.C. § 1915(a)(1). As the Fifth Circuit has explained, "there is no absolute 'right' to proceed in a civil

action without paying a filing fee; this is a procedural privilege that Congress may extend or withdraw." *Strickland v. Rankin Cnty. Corr. Facility*, 105 F.3d 972, 975 (5th Cir. 1997).

Here, Petitioner has neither paid the filing fee, nor has he complied with the statutory procedure to determine whether he is entitled to proceed in forma pauperis. He also failed to comply with the order directing him either to pay the $5 filing fee or submit a properly-supported application. This habeas corpus action should be dismissed for failure to prosecute because Petitioner both failed to pay the filing fee and failed to comply with a court order. *Martin v. Pearson*, 405 F. App'x 859, 860 (5th Cir. 2010) (affirming District Court's dismissal of a § 2241 habeas action where the petitioner failed to pay the $5 filing fee and failed to comply with the court's orders); *see also McCray v. FBI*, No. 11-cv-87, 2011 WL 621679, at *1 (N.D. Tex. Feb. 15, 2011) (dismissal of a writ of mandamus action where Plaintiff failed to pay the civil filing fee); *see also Greathouse v. Tex. Dep't of Criminal Justice*, 379 F. App'x 403, 404 (5th Cir. 2010) (affirming district court's dismissal of a civil rights complaint where the plaintiff failed to comply with the court's order to pay a filing fee). It appears that no lesser sanction is available, since Petitioner failed to comply with the Court's order and has taken no other action in this case.[1] *See Hulsey*, 929 F.2d at 171; *Martin*, 405 F. App'x at 860.

### III. CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Docket No. 1) be DISMISSED for failure to prosecute. It is further recommended that Petitioner be denied a certificate of appealability.

---

[1] A copy of this Report will be sent to Petitioner at the address he provided. Should Petitioner respond to the Report by complying with the prior order (Docket No. 5), the District Court may then wish to consider whether less drastic sanctions might be appropriate.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Petitioner has not yet filed a notice of appeal, the recently-amended § 2254 Rules instruct that the District Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, RULES GOVERNING SECTION 2254 PROCEEDINGS. Because the undersigned recommends the dismissal of Petitioner's § 2254 action, it is necessary to address whether Petitioner is entitled to a certificate of appealability (COA).

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a COA as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); see also *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (applying *Slack* standard to a COA determination in the context of a habeas corpus proceeding). An applicant may also satisfy this standard by showing that "jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; see also *Jones*, 287 F.3d at 329. As to claims that a district court rejects solely on procedural grounds, the prisoner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

4

Here, Petitioner's § 2254 claims should be dismissed on procedural grounds. For the reasons explained in this report, the undersigned believes that reasonable jurists would not find debatable the conclusion that Petitioner's miscellaneous action should be dismissed for failure to prosecute. Accordingly, Petitioner is not entitled to a COA.

## **NOTICE**

The Clerk shall send a copy of this Report and Recommendation to Petitioner, who has fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in this Report and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

DONE at McAllen, Texas on October 7, 2020.

_____
Peter E. Ormsby
UNITED STATES MAGISTRATE JUDGE